FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
1/26/2024 10:05 AM
GREG G. ALLEN
CLERK OF THE STATE COURTS
24SC-0160-A
Dunn, James A.

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **BRITTNEY BARRAGAN**<br>**Plaintiff**<br>**vs.**<br>**WAL-MART STORES EAST, LP; ABC Corps. 1-3, and JOHN DOE 1-3,**<br>**Defendants.** | **CASE ACTION**<br>**FILE NO.:**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Plaintiff BRITTNEY BARRAGAN ("Plaintiff"), files this Complaint for Damages and brings the following causes of action against Defendants WAL-MART STORES EAST, LP, ABC 1-3, JOHN DOE 1-3, showing this Honorable Court as follows:

**Parties, Jurisdiction, & Venue**

1. Plaintiff is a Georgia resident.

2. Defendant WAL-MART STORES EAST, LP is a Foreign Limited Partnership, who may be served via its registered agent for process: The Corporation Company (FL) at 106 Colony Park Drive Ste. 800-B, Cumming, GA 30040.

3. Defendants ABC Corps. 1-3 are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC Corps. 1-3 are business entities which owned, managed, or operated some aspect of the subject premises and may have contributed to the negligence that injured Plaintiff. If and when Defendants ABC Corps. 1- 3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

4. Defendant John Does 1-3 are residents of Georgia and are currently unidentified individuals who are potential, third-party, joint tortfeasors. Defendants John Does 1-3 either owned, managed, or operated some aspect of the subject store and may have contributed to the negligence that injured Plaintiff. If and when Defendants John Does 1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

5. This Court has jurisdiction over this matter and all parties to it.

6. Venue in this Court is proper for all parties.

## **Background Facts**

7. Defendants own, operate, manage, and control the Wal-Mart Store, that is located at 6475 Gateway Road Columbus, GA 31909. (the "venue" or the "Premises").

8. On or around April 28, 2022, the Plaintiff was shopping at the Premises. While she was walking, a Walmart employee pushing a cart suddenly and without warning struck Plaintiff in the back with a large storage cart causing her to suffer injuries. (the "Incident").

9. At all times relevant to this action, the Plaintiff was an invitee on the Premises.

10. Due to Defendants negligence the Plaintiff suffered severe bodily injuries.

11. At all material times, the Plaintiff exercised reasonable care for her own safety.

12. As the direct and proximate result of Defendants' negligence, the Plaintiff suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; lost capacity for the enjoyment of life; permanent injury; and other economic damages including, without limitation lost wages. Plaintiff's economic and non-economic damages are continuing in nature, and the Plaintiff will continue to incur general and special damages in the future.

13. As the direct and proximate result of Defendants' negligence, the Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law and Plaintiff will continue to incur such losses in the future.

**Count I – Active Negligence**

14. Plaintiff repeats and realleges paragraphs 1 through 13 above, verbatim. At all material times, Defendants controlled the mode, manner, and means by which they operated the Premises. Under Defendants' mode, manner, and means of operating its business, customers in the aisles were reasonably foreseeable.
15. Defendants' chosen mode and manner of operation of the venue required the Defendants implement safety procedures to mitigate or eliminate foreseeable risks of striking customers with carts and resulting injuries.
16. Defendants owed a duty to all customers and/or patrons to use ordinary care to guard against foreseeable risks of harm caused by their mode, manner, and means of operating the Premises.
17. Defendants owed its customers/patrons a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating the Premise.
18. Defendants had a duty to develop, implement, maintain, comply with, and enforce reasonable inspection, maintenance, and safety programs and measures to protect all customers and/or patrons from the foreseeable risks of harm arising from their mode, manner, and means of operating the Premise.
19. Defendants breached their duty to the Plaintiff by negligently failing to exercise reasonable care to protect her from foreseeable risks of harm.
20. While operating the Premise, Defendants negligently failed to exercise reasonable care to protect the Plaintiff from foreseeable risks of harm in one or more of the following ways:

(i) Defendants failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries caused by a defective shelf;

(ii) Defendants' safety program was inadequate to protect customers from the foreseeable risk of injuries caused by a defective shelf;

(iii) Defendants negligently failed to comply with and enforce its inspection protocols or procedures;

(iv) Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

(v) Defendants failed to supervise their employees, contractors, agents and/or representatives to ensure compliance with their safety program; and/or

(vi) Defendants failed to warn the Plaintiff of the inherent and foreseeable risk of being struck by large shopping carts and injuries arising from Defendants' chosen mode, manner, and means of operating its business.

21. Defendants' failure to exercise reasonable care in their operations of the Premises allowed a negligent behavior to remain on the grounds of the Premises, which created an unreasonable risk of harm and caused the Plaintiff to be injured.

22. Defendants' negligent operations of the Premise directly and proximately caused the Plaintiff's injuries.

23. Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents, and representatives committed during the course and scope of their employment and in furtherance of Defendants' business.

**Count II – Premise Liability**

24. Plaintiff repeats and realleges paragraphs 1 through 23 above, verbatim.

25. At all material times, Defendants owned, occupied, and were otherwise in possession and control of the Premises and its approaches.

26. At all material times, Defendants owed a duty to exercise ordinary care to maintain the Premises in a reasonably safe condition.

27. Further, Defendants owed a duty to inspect the Premises to discover possible dangerous conditions and take reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises. Robinson v. Kroger Co., 268 Ga. 735, 740 (1997).

28. Defendants' duty of care included:

    a. Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed hazards or risks;

    b. Detecting, removing, or otherwise remedying hazardous conditions on the Premises; and

    c. Adequately warning invitees about hazardous condition on the Premises to enable invitees to avoid harm.

29. At all material times, the Plaintiff was Defendants' invitee.

30. On the date of the incident, the Plaintiff fell due to Defendants' negligent operation of a large cart on the premises around invitees.

31. The hazardous condition that was on the Premises was present for such an amount of time that Defendants knew, or should have known, that it posed a danger to invitees and constituted an unsafe environment. The significant amount of time that the hazardous condition was on the premises afforded Defendants the opportunity to remedy or remove the hazard and/or warn invitees of the dangerous condition it created.

32. Defendants noticed or should have had notice of the hazardous condition. Additionally, Defendants controlled the Premises. Thus, Defendants and their employees, contractors, agents, and representatives had a duty to remedy or remove the hazardous condition or warn invitees, including the Plaintiff, of the hazardous condition.
33. Defendants breached their duty to the Plaintiff when they negligently failed to remedy or remove the hazardous condition and/or warn the Plaintiff of the same.
34. As a direct and proximate result of Defendants' negligent failure to remove, remedy, or otherwise address the known hazard, the Plaintiff was injured.
35. As a direct and proximate result of Defendants' negligent failure to keep the Premises safe, the Plaintiff was injured.
36. As a direct and proximate result of Defendants' negligent failure to warn invitees/patrons of the hazardous condition, the Plaintiff was injured.

**<u>Count III – Nuisance</u>**

37. Plaintiff repeats and realleges paragraphs 1 through 36 above, verbatim.
38. At all material times, Defendants owned, occupied, and were otherwise in possession and control of the Premises.
39. The hazardous condition negligently attended on the Premises created a nuisance at the time of the incident.
40. As a direct and proximate cause of the hazardous condition, the Plaintiff suffered bodily injuries.
41. As a direct and proximate cause of Defendants' allowance of the nuisance to exist within their controlled Premises, which lead to the Plaintiff suffering severe bodily injuries.
42. As a direct and proximate cause of Defendants' failure to remove, remedy, or otherwise

remediate the nuisance, the Plaintiff suffered bodily injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a. That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b. That Defendants be served with a copy of Plaintiff's Complaint for Damages;

c. That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

d. That Plaintiff recover all damages allowable and recoverable under applicable law in an amount to be determined by a jury;

e. That Plaintiff recover general and special damages; and

f. That this Honorable Court order such other and further relief as the Court deems just and proper.

This 26th day of January, 2024.

Respectfully Submitted

**MORGAN & MORGAN ATLANTA PLLC**

*/s/Michael Johnson*
Michael Johnson, Esq.
Georgia Bar Number 679391
*Attorney for Plaintiff*

P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 757-8572
Facsimile: (404) 757-8727
Email: majohnson@forthepeople.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/14/2024 11:36 AM
GREG G. ALLEN
CLERK OF THE STATE COURTS
24SC-0160-A
Dunn, James A.

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

BRITTNEY BARRAGAN,

Plaintiff,

v.

WAL-MART STORES EAST, LP,
ABC CORPS. 1-3, and JOHN DOE 1-3,

Defendants.

Civil Action File No.
24SC-0160-A

______________________________________/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP, and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

SIXTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's

Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint, at this time only.

6.

Defendant admits the allegations contained in paragraph 6 of the Plaintiff's Complaint, at this time only.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint. Defendant admits it operated Store #4200 in Columbus, Georgia.

8.

Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff’s Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant re-alleges and incorporates Paragraphs 1 through 13 above as if fully set forth, herein.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff’s Complaint. The applicable statute and case law speak for themselves.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff’s Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

24.

Defendant re-alleges and incorporates Paragraphs 1 through 23 above as if fully set forth, herein.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint. Defendant admits it operated Store #4200 in Columbus, Georgia.

26.

Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

27.

Defendant denies the allegations contained in paragraph 27 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

28.

Defendant denies the allegations contained in paragraph 28 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

29.

Defendant denies the allegations contained in paragraph 29 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

30.

Defendant denies the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

Defendant denies the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.

Defendant denies the allegations contained in paragraph 32 of the Plaintiff's Complaint.

33.

Defendant denies the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of the Plaintiff’s Complaint.

35.

Defendant denies the allegations contained in paragraph 35 of the Plaintiff’s Complaint.

36.

Defendant denies the allegations contained in paragraph 36 of the Plaintiff’s Complaint.

37.

Defendant re-alleges and incorporates Paragraphs 1 through 36 above as if fully set forth, herein.

38.

Defendant denies the allegations contained in paragraph 38 of the Plaintiff's Complaint. Defendant admits it operated Store #4200 in Columbus, Georgia.

39.

Defendant denies the allegations contained in paragraph 39 of the Plaintiff's Complaint.

40.

Defendant denies the allegations contained in paragraph 40 of the Plaintiff's Complaint.

41.

Defendant denies the allegations contained in paragraph 41 of the Plaintiff's Complaint.

42.

Defendant denies the allegations contained in paragraph 42 of the Plaintiff's Complaint.

43.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

Defendant denies Plaintiff's prayer for relief, including all subparts thereof, (a) – (f).

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

This the 14th day of February, 2024.

(SIGNATURE ON FOLLOWING PAGE)

McLAIN & MERRITT, P.C.

Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing **ANSWER OF DEFENDANT WAL-MART STORES EAST, LP** has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the 14th day of February, 2024.

McLAIN & MERRITT, P.C.

Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/14/2024 11:36 AM
GREG G. ALLEN
CLERK OF THE STATE COURTS
24SC-0160-A
Dunn, James A.

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

BRITTNEY BARRAGAN,

Plaintiff,

v.

WAL-MART STORES EAST, LP,
ABC CORPS. 1-3, and JOHN DOE 1-3,

Defendants.

______________________________________/

Civil Action File No.
24SC-0160-A

**NOTICE OF TAKING DEPOSITION**

YOU ARE HEREBY notified that beginning on the 19th day of June, 2024, commencing at 11:00 a.m., via Zoom videoconferencing, the deposition will be taken of Brittney Barragan. Said deposition will be taken for purposes of discovery and all other purposes provided by law before an officer duly authorized to administer oaths. The deposition shall continue from day-to-day until completion. This deposition may also be videotaped by a videographer.

This the 14th day of February, 2024.

McLAIN & MERRITT, P.C.

______________________________
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the within and foregoing **NOTICE OF TAKING DEPOSITION** has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the 14th day of February, 2024.

McLAIN & MERRITT, P.C.

Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/14/2024 11:36 AM
GREG G. ALLEN
CLERK OF THE STATE COURTS
24SC-0160-A
Dunn, James A.

**IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA**

BRITTNEY BARRAGAN,

Plaintiff,

v.

WAL-MART STORES EAST, LP,
ABC CORPS. 1-3, and JOHN DOE 1-3,

Defendants.
_______________________________________/

Civil Action File No.
24SC-0160-A

**12-PERSON JURY DEMAND**

COMES NOW Defendant, WAL-MART STORES EAST, LP, and demands a trial by a jury of twelve (12) persons.

This the 14th day of February, 2024.

McLAIN & MERRITT, P.C.

_______________________________
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the within and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the 14th day of February, 2024.

McLAIN & MERRITT, P.C.

Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/14/2024 11:36 AM
GREG G. ALLEN
CLERK OF THE STATE COURTS
24SC-0160-A
Dunn, James A.

**IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA**

BRITTNEY BARRAGAN,

Plaintiff,

v.

WAL-MART STORES EAST, LP,
ABC CORPS. 1-3, and JOHN DOE 1-3,

Defendants.

Civil Action File No.
24SC-0160-A

______________________________/

**CERTIFICATE REGARDING DISCOVERY**

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1) DEFENDANT'S REQUEST FOR ADMISSIONS TO PLAINTIFF
2) DEFENDANT'S RESPONSES TO REQUEST FOR ADMISSIONS
3) DEFENDANT'S INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF

This the 14th day of February, 2024.

McLAIN & MERRITT, P.C.

______________________________
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the 14th day of February, 2024.

McLAIN & MERRITT, P.C.

Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com